# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TETRA CORPORATE SERVICES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CAPITALPLUS EQUITY, LLC, a Nevada limited liability company, CAPITALPLUS FINANCIAL, LLC, a Tennessee limited liability company, CAPITALPLUS SUPPLY CHAIN PARTNERS, LLC, a Tennessee limited liability company, SCOTT APPLEGATE, an individual, CAPITALPLUS FINANCIAL SERVICES, LLC, a Tennessee limited liability company, CAPITALPLUS SUPPLY LLC, a Tennessee limited liability company, CAPITALPLUS CONSTRUCTION SERVICES, LLC, a Delaware limited liability company, CAPITALPLUS SUPPLY CHAIN PARTNERS SPV 1, LLC, a Delaware limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL [32]<br><br>Case No. 2:24-cv-00399-TC-CMR<br><br>Judge Tena Campbell<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's Short Form Discovery Motion (Motion to Compel) (ECF 32). The court has also reviewed the opposition (ECF 33), the supplemental information ordered by the court (ECF 37) as well as the reply (ECF 39). The court finds that oral argument is not necessary and decides this matter on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court, having carefully considered the parties' arguments, relevant filings, and case law, enters the following Memorandum Decision and Order.

## I. BACKGROUND

There are eight (8) named Defendants in this matter, and Plaintiff refers to them as the "Guarantee Defendants"[1] and as the "Alter Ego Defendants"[2] (collectively, Defendants) (*see* ECF 32-1 at 4–5). Plaintiff's primary allegation is that the Guarantee Defendants fraudulently used the Alter Ego Defendants to evade repayment obligations (ECF 32 at 2). Accordingly, Plaintiff served various discovery requests seeking, among other things, information aimed at demonstrating that the Guarantee Defendants were conducting business as the Alter Ego Defendants to avoid their promises and obligations to Plaintiff (ECF 32 at 3). Plaintiff claims that Defendants failed to provide adequate responses to Plaintiff's Interrogatories Nos. 10 and 11 and Request for Production No. 7 (ECF 32).

All parties agree that only the Guarantee Defendants responded to Plaintiff's discovery requests (*see* ECF 33 at 2; ECF 39 at 2-3). Defendants claim that the four Alter Ego Defendants did not have to participate in discovery because there was a pending Motion to Dismiss (ECF 14) challenging the court's jurisdiction over these Defendants (ECF 33 at 2). The Motion to Dismiss has since been adjudicated, and this court found "the exercise of jurisdiction over the Alter Ego Defendants is appropriate" and that Plaintiff's allegations are pled with sufficient particularity to "put all the Defendants on notice of the claims against them" (ECF 40 at 12).

---

[1] The "Guarantee Defendants" are: Scott Applegate (Applegate), Capital Equity, LLC (CP Equity), Capitalplus Financial, LLC (CP Financial), and Capitalplus Supply Chain Partners, LLC (CP Supply Chain) (*id*.). This designation comes from the allegation Plaintiff and Defendant CP Equity signed a promissory note, which, by amendment, added three Guarantors: Applegate, CP Financial, and CP Supply Chain (ECF 12 at 2).

[2] The "Alter Ego Defendants" are: Capitalplus Financial Services, LLC (CP Services), Capitalplus Construction Services, LLC (CP Construction), Capitalplus Supply Partners Spv 1, LLC (CP Supply SPV), and Capitalplus Supply, LLC (CP Supply) (ECF 12 at 3).

## II. DISCUSSION

Plaintiff asserts that Defendants' responses were incomplete because the Alter Ego Defendants did not engage in discovery, and the court agrees. Given the court's recent ruling on the Alter Ego Defendants' Motion to Dismiss, the argument that these Defendants do not have to participate in discovery is moot. Regardless, even if it were not moot, Defendants are not exempt from discovery simply because they have filed a dispositive motion. Defendants are reminded that the filing of a dispositive motion does not automatically stay discovery. If a party believes a stay is appropriate, it must file a separate motion under DUCivR 7-1(a)(4)(D) requesting that the court stay discovery and address the legal standard, which was not done in this case.

The Alter Ego Defendants are hereby ORDERED to engage in discovery and provide complete responses to all of Plaintiff's previously served and future discovery requests. The court now considers Plaintiff's other arguments regarding the adequacy of Defendants' responses.

### A. Interrogatory No. 10

Interrogatory No. 10 seeks information regarding Defendant Applegate's ownership in "all business entities (excluding publicly traded companies) in which he possessed any ownership interest for the time period 2017 to 2024, including the time period of such ownership and the percentage of such ownership" (ECF 37 at 9). Defendant Applegate objects to this interrogatory as being "harassing and seeking information that is not relevant, confidential, and beyond the scope of proper discovery," however, Defendant Applegate acknowledges his ownership in the Guarantee Defendants (*id.*). Defendants argue that they have provided a complete and straightforward response (ECF 33 at 2-3).

Defendants have provided a "boilerplate" objection, which fails to meet the specific requirements of Federal Rules of Civil Procedure 33 and 34. Defendants do not attempt to

specifically show how Interrogatory No. 10 is harassing or seeking information that is not relevant, confidential, and/or beyond the scope of proper discovery. When an objecting party "makes no attempt to 'show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive,' and no attempt to 'articulat[e] the particular harm that would accrue . . . the response is an unacceptable 'boilerplate' objection.'" *Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 446–47 (D. Utah 2020) ((quoting *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 186–87 (N.D. Iowa 2017)). Despite Defendants' inadequate objection, the court finds that Defendant Applegate's ownership in the four Alter Ego Defendants is highly relevant and necessary to support Plaintiff's claim that Defendants used the Alter Ego Defendants to fraudulently avoid payment obligations. Furthermore, Defendant Applegate's ownership in non-Defendant entities is relevant for Plaintiff to identify any additional entities to include in this action. For these reasons, Defendant Applegate must supplement his response to Interrogatory No. 10.

### B.     Interrogatory No. 11

Interrogatory No. 11 seeks information regarding Defendant Applegate's children's ownership in "all business entities (excluding publicly traded companies) in which [they have] possessed any ownership interest for the time period 2017 to 2024, including the time period of such ownership and the percentage of such ownership" (ECF 37 at 9). Defendants object to this interrogatory as being "harassing and seeking information that is not relevant, confidential, and beyond the scope of proper discovery," however, they do respond that Applegate's children do not have any ownership in the Guarantee Defendants (*id.*). Defendant further argues that it has provided a complete and straightforward response (ECF 33 at 2–3).

Defendants provide another boilerplate response that does not meet the specific requirements of Rules 33 and 34. That said, Interrogatory No. 11 seeks information from Applegate's children, individuals not named as parties to this action. "Interrogatories may relate to any matters which can be inquired into under Rule 26 (b)(1)." Fed. R. Civ. P. 33(c). Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." "Rule 26(b)(1) contains no provision that information within the control of a non-party is outside the scope of discovery propounded upon a party." *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 310 (D. Kan. 1996). Therefore, Defendants must supplement their answer to Interrogatory No. 11 with whatever information they have and to the extent it has responsive information. Defendants, however, are not required to obtain responsive information from entities or individuals outside their control to answer Interrogatory No. 11.

### C.   Request for Production No. 7

Plaintiff seeks "financial statements (profit and loss statements and balance sheets) for each Defendant for 2019, 2020, 2021, 2022, 2023, and 2024" (ECF 32-1 at 12). Plaintiff asserts that this information "is neither burdensome nor overly broad, as these are basic accounting documents used by any business" (ECF 39 at 3). Plaintiff further argues that it needs these documents to understand the relationship between the Guarantee Defendants and the Alter Ego Defendants, specifically, when and what business operations and assets were transferred from the Guarantee Defendants to the Alter Ego Defendants (*id.*).

Defendants object by asserting that this request is "patently overbroad and improper as it seeks confidential information which does not bear on any claims or defenses in the action, and which are presumptively confidential and off-limits" (ECF 32-2 at 6). Defendant further argues

5

that under Tenth Circuit Law, "tax returns enjoy heightened protections" and are "not generally discoverable" (ECF 33 at 3) (citing *Sanderson v. Winner*, 507 F.2d 477, 480 (10th Cir. 1974)).

First, the court agrees that tax returns enjoy some heightened protections; however, here the request is for profit and loss statements, not tax returns. Plaintiff specifically states that it seeks profit-and-loss statements and balance sheets, which are distinct and separate from an entity's tax returns. If Defendants claim that the standard for tax returns should extend to other documents, they have failed to provide any arguments to support this position and *Sanderson* provides no guidance. The Tenth Circuit in *Sanderson* resolved the dispute on relevancy grounds, concluding that it was unnecessary to determine whether the documents sought were privileged. *Id*. While briefly addressing the issue of privilege, the court noted that "[t]ax returns are not generally discoverable"; however, this does not imply that all financial documents are not generally discoverable. There is no indication that this general rule applies to the documents in this case. Simply citing the heightened standard for tax returns is not sufficient. Additionally, if Defendants claim that they only possess tax returns and do not maintain profit-and-loss statements or balance sheets, they have not substantiated this assertion.

Second, Plaintiff's request is not overbroad. Plaintiff specifically limits the request to the profit-loss statements and balance sheets for each of the named defendants starting from 2019-2024. This is a proportional and reasonable request seeking relevant information from the time the parties entered into an agreement until the present day.

Third, Defendants' assertion that the information sought is undiscoverable because it is confidential is unfounded. Confidentiality is not a bar to discovery. "While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery

altogether." *High Point SARL v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2011 WL 4008009, at *3 (D. Kan. Sept. 9, 2011) (citing *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 196 (D. Kan. 1996) ("Confidentiality may occasion a protective order . . . Confidentiality, however, does not necessarily bar discovery.")). If Defendants are concerned with confidentiality, they may move for a protective order limiting the disclosure of confidential information under the standard protective order that applies in this case. *See* DUCivR 26-2. For these reasons, Defendants must provide the documents request in Request for Production No. 7.

### III.  CONCLUSION

For these reasons stated above, the court **GRANTS** Plaintiff's Motion to Compel (ECF 32), and HEREBY ORDERS that Defendants shall supplement their discovery responses as follows within ten (10) days of the date of this order:

(1) Defendant Applegate supplement his answer to Interrogatory No. 10;

(2) Defendants supplement their answer to Interrogatory No. 11 with whatever information they have and to the extent it has responsive information; and

(3) Defendants provide the documents request in Request for Production No. 7.

IT IS SO ORDERED.

DATED this 27 October 2025.

*/s/ Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah